IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

WILLIAM S. GAMBILL                                                                      PLAINTIFF

v.                                                   CASE NO.: 19-363

YRC, INC. D/B/A
YRC FREIGHT                                                   DEFENDANT

**COMPLAINT**
**JURY TRIAL DEMANDED**

      **COMES NOW** the Plaintiff, William S. Gambill, and brings this action against his former employer, YRC, Inc. d/b/a YRC Freight. Plaintiff is seeking monetary, declaratory relief and injunctive relief. As more specifically set forth below, Plaintiff has been subjected to discrimination in the terms and conditions of his employment with Defendant. The actions of the Defendant are in violation of the Americans with Disabilities Act of 1990 (ADA), as amended, and the Family and Medical Leave Act of 1993 (FMLA).

**PARTIES**

1.     Plaintiff, William S. Gambill, is a male resident of Rankin County, Mississippi.

2.     Defendant, YRC, Inc. d/b/a YRC, Freight, is a Delaware Corporation licensed to do business in the State of Mississippi and may be served with process through its registered agent, CT Corporation, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

**JURISDICTION AND VENUE**

3.     This court has concurrent jurisdiction for actions that arise under the Americans with Disabilities Act of 1990 (ADA).

4.     This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC on February 22, 2019, a true and correct copy of which is attached as Exhibit "A." On March 18, 2019, the EEOC issued a Dismissal and Notice of Rights, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Rights.

## STATEMENT OF THE FACTS

6. Plaintiff is a 32 year-old Caucasian male from Rankin, Mississippi.

7. Plaintiff has a prior history of drug and alcohol addiction which was known to Defendant.

8. Plaintiff began receiving treatment for his addiction problems in July 2017 and applied for FMLA leave around August 2017.

9. Plaintiff was working the night shift for the Defendant and Plaintiff began attending an intensive outpatient treatment (i.e., three days per week, three hours per day, at least three AA meetings per week).

10. The only accommodation necessary for Plaintiff's condition was intermittent time off to attend treatment.

11. There was no need for light duty or any physical restrictions.

12. Since Plaintiff worked the night shift and was going to treatment by day, Plaintiff soon became very exhausted.

13. Around September or October, 2017, Plaintiff moved to the evening shift.

14. When Plaintiff began taking FMLA leave from his evening shift, his boss, Robert Brower, began calling him in and complaining about him taking time off.

15. Mr. Brower began demanding to know the details of why Plaintiff was taking FMLA leave and Mr. Brower insisted that Plaintiff bring excuses from the treatment center every time he was missing work.

16. Plaintiff completed his intensive outpatient treatment just before Christmas 2017.

17. In February 2018, Plaintiff became severely ill with the flu.

18. Plaintiff called in sick, as he is supposed to do, and was out of work for five days.

19. He came back on the fifth day and Mr. Brower called him into his office.

20. Mr. Brower told Plaintiff he had written him up for nonattendance.

21. Plaintiff gave Mr. Brower his doctor's excuse, but Mr. Brower refused to receive it.

22. Plaintiff refused to sign the nonattendance paperwork.

23. As Plaintiff walked out, Mr. Brower stated, "Just don't come back tomorrow."

24. Plaintiff did, however, return the next day.

25. This time Mr. Brower called him in his office and told Plaintiff he would receive drug/alcohol testing immediately due to an alleged 'reasonable suspicion.'

26. Plaintiff submitted to the testing, although Brower was deliberately trying to embarrass (i.e., retaliate against) Plaintiff because of his prior use of FMLA leave and because of his disability (recovering addict).

27. Plaintiff tested negative for all substances.

28. Plaintiff has been harassed, discriminated against, and retaliated against for taking FMLA leave to address his recovering condition.

29. Plaintiff knows of another employee who took FMLA leave and the boss pressured and hounded that employee as well.

30. On October 3, 2018, Plaintiff had car trouble prior to his shift which started at 11pm.

31. Prior to the beginning of the shift, Plaintiff called and spoke to the two on-duty supervisors, Darius Adams and Joseph Travis, and informed both of them that he was experiencing car trouble.

32. Plaintiff explained his transportation problem to them and that he would not make it to work that night.

33. In response, Mr. Adams told Plaintiff to call out and report to work on the next night.

34. The next night, when Plaintiff came to work, Mr. Adams asked him for a doctor's excuse for the previous day, this request did not make any sense, as Plaintiff knew he had never claimed to be going to a medical appointment.

35. Plaintiff told Mr. Adams he did not have a doctor's excuse and reminded him about their previous night's conversation related to his car trouble.

36. On October 9, 2018, Plaintiff abruptly received a notice of discharge which stated: "You violated our policy or contract by failing to report to work on October 3, 2018 for your 23:00 shift. You have not provided any documentation for your absence. Based on your absenteeism progression as outlined in the 2014 MOU National Attendance Policy, you are hereby discharged."

37. During the six-month period prior to October 3, 2018, Plaintiff had two other absences: one on April 19 and another on July 17.

38. The July 17, 2018, absence, led to a discharge; however, Plaintiff had turned in a doctor's excuse for this absence and it was overturned when reviewed by a committee.

39. The April 24, 2018, absence, was the only unexcused absence during that time period and Plaintiff received a one-day suspension as a result.

40. Regarding Plaintiff's absence on October 3, 2018, Plaintiff complied with Article 46 Section 2 of the company handbook, which says that "In all cases where an employee is unable to work at the regular starting time, for any reason, he/she shall immediately notify the supervisor on duty."

41. Although the handbook does not specifically speak to the issue of what to do in the event of transportation problems, Plaintiff noted that he had some vacation days (personal leave) accrued, so this could have been used to cover the day he was absent.

43. The claim on the discharge notice Plaintiff received on October 9, 2018, that Plaintiff had not provided documentation for his absence, likewise does not appropriately fit the situation.

44. Also, it states in Article 46 Section 1 of the company handbook that "The warning notices as herein provided shall not remain in effect for a period of more than six (6) months from the date of said warning notice."

45. With this policy in mind, the only upheld unexcused absence prior to Plaintiff's absence on October 3, 2018, was the one on April 24, 2018, for which he received a one-day suspension.

46. As noted above, the discharge related to an absence on July 17, 2018, was overturned by committee because Plaintiff had a doctor's excuse.

47. Given the policy as described above, it appears that during the past six months Plaintiff essentially had only one prior unexcused absence and that the most recent absence, which led to a discharge, was based on a faulty premise, i.e., that he had a medical appointment.

Case 3:19-cv-00470-CWR-FKB   Document 1-2   Filed 07/02/19   Page 6 of 12
EXHIBIT B
Case: 25CI1:19-cv-00363-AHW   Document #: 2   Filed: 06/06/2019   Page 6 of 12

## COUNT I: VIOLATION OF THE ADA - UNLAWFUL DISCRIMINATION AND RETALIATION

48. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 47 above as if fully incorporated herein.

49. The Defendant violated the ADA by discriminating against Plaintiff for his previous request for reasonable accommodations based on his disability.

50. The Defendant violated the ADA by not allowing Plaintiff to work and by arbitrarily terminating his employment because of his disability (recovering addiction) and by unlawfully retaliating against Plaintiff for previously requesting a reasonable accommodation.

51. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff and entitle Plaintiff to an award of damages both compensatory and punitive in nature.

## COUNT II: VIOLATION OF THE FMLA

52. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 51 above as if fully incorporated herein.

53. The Defendant violated the FMLA by retaliating against Plaintiff and terminating Plaintiff because he had previously been approved for and had taken FMLA leave.

54. The Defendant willfully retaliated against Plaintiff for exercising his right to take FMLA leave.

55. The unlawful actions of the Defendant complained of above were willful, and taken in reckless disregard of the statutory rights of Plaintiff, thus entitling Plaintiff to an award of liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon

hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back pay and lost benefits;
2. Reinstatement or front pay in lieu of reinstatement;
3. Compensatory damages;
4. Liquidated damages;
5. Punitive damages;
6. Attorney fees, costs, prejudgment interest and post judgment interest; and
7. Such other relief as the Court deems just and appropriate.

THIS the 4th day of June 2019.

Respectfully submitted,

WILLIAM S. GAMBILL, PLAINTIFF

By: /s/ Louis H. Watson, Jr.

Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone:   (601) 968-0000
Facsimile:   (601) 968-0010
Email: louis@watsonnorris.com
       nick@watsonnorris.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>423-2019-00812 |
|---|---|---|

_____ null _____ and EEOC
State or local Agency, if any

**Name** (indicate Mr., Ms., Mrs.): Mr. William S Gambill
**Home Phone**: (601) 672-5980
**Year of Birth**: 1986

**Street Address / City, State and ZIP Code**: 148 Valley Cove, Florence MS 39073, FLORENCE, MS 39073

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: YRC FREIGHT
**No. Employees, Members**: 
**Phone No.**: (601) 932-8428

**Street Address / City, State and ZIP Code**: 102 CARRIER BLVD., RICHLAND MS, RICHLAND, MS 39218

**DISCRIMINATION BASED ON** (Check appropriate box(es).):
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 10-09-2018
Latest: 10-09-2018
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

On October 9, 2018, I was terminated from my Diesel Mechanic position. From July 2017 to December 2017, I was approved for intermittent leave under the Family Medical Leave Act. I was repeatedly badgered about my medical condition by Management. I was targeted because of my disability and terminated.

I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally signed by William Gambill on 02-22-2019 12:38 PM EST

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EXHIBIT A

EEOC Form 5 (11/09)     Case: 25CI1:19-cv-00363-AHW    Document #: 2    Filed: 06/06/2019    Page 9 of 12

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 423-2019-00812 Amended |

_____ and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. | Date of Birth |
|---|---|---|
| Mr. William S. Gambill | 601-672-5980 | |
| Street Address | City, State and ZIP Code | |
| 148 Valley Cove | Florence, MS  39073 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| YRC Freight | >500 | |
| Street Address | City, State and ZIP Code | |
| 102 Carrier Blvd | Richland, MS  39218 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: February 2018     Latest: 10-9-18
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a 32-year old Caucasian male from Rankin County. I was hired by YRC Freight as a Mechanic for Garage 84 on September 26, 2016.

I am a recovering drug and alcohol addict. I began receiving treatment for my addiction problems in July 2017 and applied for FMLA leave around August 2017. I was working the night shift at YRC and I began attending an intensive outpatient treatment (i.e., three days per week, three hours per day, at least three AA meetings per week). The only accommodation necessary for my condition was intermittent time off to attend treatment. There was no need for light duty or any physical restrictions.

Since I was working at night and going to treatment by day, I was soon becoming exhausted, so I moved to the evening shift around September or October 2017. When I began taking FMLA leave from my evening shift, however, my boss, Robert Brower, began calling me in and complaining about my taking time

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date        Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 423-2019-00812 Amended |

_____ and EEOC
State or local Agency, if any

off. Brower began demanding to know the details of why I was taking FMLA leave and he insisted that I bring excuses from the treatment center every time I was missing work.

   I completed my intensive outpatient treatment just before Christmas 2017. In February 2018, I became severely ill with the flu. I called in sick, as I am supposed to do, and was out of work for five days. I came back on the fifth day and Brower called me into his office. Brower told me he had written me up for nonattendance. I gave Brower my doctor's excuse, but Brower refused to receive it. I refused to sign the nonattendance paperwork. As I walked out, Brower stated, "Just don't come back tomorrow."

   I did, however, return the next day. This time Brower called me in his office and told me I would receive drug/alcohol testing immediately due to 'reasonable suspicion.' I submitted to the testing, although I felt that Brower was deliberately trying to embarrass (i.e., retaliate against) me because of my use of FMLA leave. I tested negative for all substances. I believe I have been harassed and retaliated against for taking FMLA leave to address my condition. I know of another employee who took FMLA leave and the boss pressured and hounded that employee as well.

   On October 3, 2018, I had car trouble prior to my shift which started at 11pm. Prior to the beginning of the shift, I called and spoke to the two on-duty supervisors, Darius Adams and Joseph Travis. I explained my transportation problem to them and that I would not make it to work that night. In response, Supervisor Adams told me to call out and report to work on the next night.

   The next night, when I came to work, Supervisor Adams asked me for a doctor's excuse for the previous day. I told Adams I did not have a doctor's excuse and reminded him about our previous night's conversation related to my car trouble.

   On October 9, 2018, I received a notice of discharge which stated: "You violated our policy or contract by failing to report to work on October 3, 2018 for your 23:00 shift. You have not provided any documentation for your absence. Based on your absenteeism progression as outlined in the 2014 MOU National Attendance Policy, you are hereby discharged."

   During the six-month period prior to October 3, 2018 I had two other absences: one on April 19 and another on July 17. The July 17 absence led to a discharge; however, I had turned in a doctor's excuse for this absence and it was overturned when reviewed by a committee. The April 24 absence was the only unexcused absence during that time period, and I received a one-day suspension as a result.

   Regarding my absence on October 3, I complied with Article 46 Section 2 of the company handbook, which says that "In all cases where an employee is unable to work at the regular starting time, for any reason, he/she shall immediately notify the supervisor on duty." Although the handbook does not specifically speak

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |
| _____  _____<br>Date         Charging Party Signature | |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 423-2019-00812 Amended |

_____ and EEOC
State or local Agency, if any

to the issue of what to do in the event of transportation problems, I noted that I had some vacation days (personal leave) accrued, so this could have been used to cover the day I was absent.

When I came to work on the following evening, I was asked by Supervisor Adams for a doctor's excuse. As I noted at the time, this request did not make any sense, as I had never claimed to be going to a medical appointment. Rather, as I reminded Supervisor Adams, I had had car trouble and had no reason to obtain a doctor's excuse. The claim on the discharge notice I received on October 9, that I had not provided documentation for my absence, likewise does not appropriately fit the situation.

Also, it states in Article 46 Section 1 of the company handbook that "The warning notices as herein provided shall not remain in effect for a period of more than six (6) months from the date of said warning notice." With this policy in mind, the only upheld unexcused absence prior to my absence on October 3 was the one on April 24, for which I received a one-day suspension. As noted above, the discharge related to an absence on July 17 was overturned by committee because I had a doctor's excuse. Given the policy as described above, it appears that during the past six months I essentially had only one prior unexcused absence and that the most recent absence, which led to a discharge, was based on a faulty premise, i.e., that I had a medical appointment.

I have been discriminated against, and retaliated against, related to my disability, in violation of the ADA.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: William S. Gambill
148 Valley Cove
Florence MS 39073

From: Jackson Area Office
100 West Capitol Street
Suite 338
Jackson, MS 39269

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 423-2019-00812 | Michael G. Hollis, Intake Supervisor | (601) 948-8412 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Eszean S. McDuffey,
Area Director

03/18/2019
(Date Mailed)

Enclosures(s)

cc: Paula Day
Senior Counsel
YRC Worldwide
10990 Roe Avenue
Overland Park, KS 66211

EXHIBIT B